# EXHIBIT A

Mark James Miller, Esq.
SBN: 350812
PO Box 9233
Cedarpines Park, CA 92322
E:markjamesmiller1@outlook.com
T: (949) 933-1973

Attorney for Plaintiff Jennifer Izuhara

Electronically FILED by Superior Court of California, County of Los Angeles 4/18/2025 9:56 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Ceballos, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| Jennifer Izuhara,<br><br>Plaintiff,<br><br>vs.<br><br>Home Depot U.S.A., INC., a Georgia Corporation; and DOES 1 through 50, Inclusive<br><br>Defendants. | Case No.: 25NWCV01376<br><br>PLAINTIFFS' COMPLAINT FOR:<br><br>1. **NEGLIGENCE,**<br>2. **BATTERY,**<br>3. **ASSAULT,**<br>4. **NEGLIGENT HIRING AND SUPERVISION,**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS,**<br>6. **PREMISES LIABILITY;**<br><br>**REQUEST FOR PUNITIVE DAMAGES;**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Jennifer Izuhara ("Plaintiff") asserting causes of action against Defendant Home Depot U.S.A., INC., a Georgia Corporation; and DOES 1 through 50, Inclusive ("Defendants"), and hereby alleges as follows:

**JURISDICTION AND VENUE**

**1.** Jurisdiction and venue are proper in this Court because the events giving rise to this action occurred in this county, the conduct complained of occurred in this county, and the amount in controversy exceeds the statutory minimum.

## PARTIES

**2.** Plaintiff Jennifer Izuhara ("Plaintiff") is a resident of California and at all relevant times was lawfully present at the Home Depot location at issue herein (12322 Washington Blvd., Whittier, CA 90606).

**3.** Upon information and belief, Defendant Home Depot U.S.A., INC. is a corporation licensed and regularly practicing business in California.

**4.** Upon further information and belief, Defendant Home Depot U.S.A., INC. is the owner, controller, principal, and operator of "Whittier #6684" located at 12322 Washington Blvd., Whittier, CA 90606—the Home Depot store at issue herein.

**5.** The true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, are presently unknown to Plaintiff, who therefore sues such Defendants by these fictitious names. Plaintiff will seek leave to amend this Complaint to reflect the true names and capacities when they become known.

## FACTUAL ALLEGATIONS

**6.** On or about November 14, 2024, Plaintiff visited the Home Depot store located at 12322 Washington Blvd., Whittier, CA 90606, to make a purchase.

**7.** After completing her purchase, as Plaintiff was leaving the premises, Defendants' Loss Prevention Agent started shouting statements including, but not limited to, "she has my stuff" and "stop her."

**8.** Without any lawful justification or evidence of wrongdoing on Plaintiff's part, a bystander, in conjunction with Defendants and Defendants' Loss Prevention Agent, forcibly grabbed Plaintiff's purse and violently shoved her to the ground.

**9.** The Loss Prevention Agent and the bystander were both acting as an agent, employee, or representative of Defendant Home Depot U.S.A., INC at the time of the incident, with the Loss Prevention Agent acting fully withing the scope of their employment. Defendant Home Depot U.S.A., INC either expressly authorized or, through its failure to supervise, discipline, or terminate the agent, constructively ratified the Loss Prevention Agent's and the bystander's

wrongful conduct. Defendant Home Depot U.S.A., INC. knew or should have known that the Loss Prevention Agent's and the bystander's actions were likely to result in harm, and by permitting such conduct to continue, is vicariously liable for all resulting injuries and damages suffered by Plaintiff.

**10.** As a direct and proximate result of the Defendants' forceful physical conduct, Plaintiff sustained severe physical injuries; Plaintiff has incurred, and will continue to incur, significant medical expenses, lost wages, emotional distress, pain and suffering, and other damages as a result of the incident.

**<u>CAUSES OF ACTION</u>**

## I. NEGLIGENCE

**11.** Plaintiff realleges and incorporates by reference each of the paragraphs in this Complaint as thought set forth fully herein.

**12.** Defendants owed a duty to Plaintiff not to cause her harm while shopping at the Home Depot location.

**13.** Defendants breached this duty by yelling at a bystander in a way they knew or should have known was likely to cause Plaintiff harm. Specifically, after completing her purchase, as Plaintiff was leaving the premises, Defendants' Loss Prevention Agent started shouting statements including, but not limited to, "she has my stuff" and "stop her." Without any lawful justification or evidence of wrongdoing on Plaintiff's part, a bystander, in conjunction with Defendants and Defendants' Loss Prevention Agent, forcibly grabbed Plaintiff's purse and violently shoved her to the ground.

**14.** As a direct and proximate result of Defendants' breach of their duty to Plaintiff, Defendants caused Plaintiff to sustain severe physical injuries; Plaintiff has incurred, and will continue to incur, significant medical expenses, lost wages, emotional distress, pain and suffering, and other damages as a result of the incident.

## II. BATTERY

**15.** Plaintiff realleges and incorporates by reference each of the paragraphs in this Complaint as thought set forth fully herein.

**16.** Defendants caused Plaintiff to be touched with the intent to harm or offend her.

**17.** Specifically, on or about November 14, 2024, Plaintiff visited the Home Depot store located at 12322 Washington Blvd., Whittier, CA 90606, to make a purchase. After completing her purchase, as Plaintiff was leaving the premises, Defendants' Loss Prevention Agent started shouting statements including, but not limited to, "she has my stuff" and "stop her." Without any lawful justification or evidence of wrongdoing on Plaintiff's part, a bystander, in conjunction with Defendants and Defendants' Loss Prevention Agent, forcibly grabbed Plaintiff's purse and violently shoved her to the ground.

**18.** Defendants' actions were unprovoked and were not consented to by Plaintiff.

**19.** Plaintiff was harmed by Defendants' conduct.

**20.** A reasonable person in Plaintiff's situation would have been offended by the touching

**21.** As a direct and proximate result of the forceful physical conduct, Plaintiff sustained severe physical injuries; Plaintiff has incurred, and will continue to incur, significant medical expenses, lost wages, emotional distress, pain and suffering, and other damages as a result of the incident.

## III. ASSAULT

**22.** Plaintiff realleges and incorporates by reference each of the paragraphs in this Complaint as thought set forth fully herein.

**23.** Defendants acted intending to cause harmful and/or offensive contact to Plaintiff.

**24.** Specifically, on or about November 14, 2024, Plaintiff visited the Home Depot store located at 12322 Washington Blvd., Whittier, CA 90606, to make a purchase. After completing her purchase, as Plaintiff was leaving the premises, Defendants' Loss Prevention Agent started shouting statements including, but not limited to, "she has my stuff" and "stop her." Without any lawful justification or evidence of wrongdoing on Plaintiff's part, a bystander, in conjunction with Defendants and Defendants' Loss Prevention Agent, forcibly grabbed Plaintiff's purse and violently shoved her to the ground.

**25.** Leading up to the touching, Plaintiff reasonably believed that she was about to be touched by Defendants in a harmful and/or an offensive manner.

**26.** Defendants also threatened to touch Plaintiff in a harmful and/or an offensive manner.

**27.** It reasonably appeared to Plaintiff that Defendants were about to carry out the threat.

**28.** Plaintiff did not consent to Defendants' conduct.

**29.** Plaintiff was harmed.

**30.** Defendants' conduct was a substantial factor in causing Plaintiff's harm.

**31.** As a direct and proximate result of the forceful physical conduct, Plaintiff sustained severe physical injuries; Plaintiff has incurred, and will continue to incur, significant medical expenses, lost wages, emotional distress, pain and suffering, and other damages as a result of the incident.

## IV. NEGLIGENT HIRING AND SUPERVISION

**32.** Plaintiff realleges and incorporates by reference each of the paragraphs in this Complaint as thought set forth fully herein.

**33.** Defendants' Loss Prevention Agent was to perform the work for which they were hired by Defendants.

**34.** Defendants knew or should have known that its Loss Prevention Agent was and/or became unfit and/or incompetent to perform the work for which they were hired.

**35.** Defendants knew or should have known that this unfitness and/or incompetence created a particular risk to others.

**36.** Defendants' Loss Prevention Agent's incompetence and/or unfitness harmed Plaintiff.

**37.** Defendants' negligence in hiring, supervising, and/or retaining its Loss Prevention Agent was a substantial factor in causing Plaintiff harm.'

**38.** Specifically, after completing her purchase, as Plaintiff was leaving the premises, Defendants' Loss Prevention Agent started shouting statements including, but not limited to, "she has my stuff" and "stop her." Without any lawful justification or evidence of wrongdoing on Plaintiff's part, a bystander, in conjunction with Defendants and Defendants' Loss Prevention Agent, forcibly grabbed Plaintiff's purse and violently shoved her to the ground.

**39.** As a direct and proximate result of the forceful physical conduct, Plaintiff sustained severe physical injuries; Plaintiff has incurred, and will continue to incur, significant medical expenses, lost wages, emotional distress, pain and suffering, and other damages as a result of the incident.

## V. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**40.** Plaintiff realleges and incorporates by reference each of the paragraphs in this Complaint as thought set forth fully herein.

**41.** Defendant's conduct as stated herein was so extreme and outrageous as to exceed all bounds of decency tolerated in a civilized society.

**42.** Defendant acted with the intent to cause, or with reckless disregard of the likelihood of causing, emotional distress.

**43.** Plaintiff suffered severe emotional distress as a direct and proximate result of Defendant's conduct.

**44.** Defendant's actions were a substantial factor in bringing about Plaintiff's emotional distress.

**45.** Specifically, after completing her purchase, as Plaintiff was leaving the premises, Defendants' Loss Prevention Agent started shouting statements including, but not limited to, "she has my stuff" and "stop her." Without any lawful justification or evidence of wrongdoing on Plaintiff's part, a bystander, in conjunction with Defendants and Defendants' Loss Prevention Agent, forcibly grabbed Plaintiff's purse and violently shoved her to the ground.

**46.** As a direct and proximate result of the forceful physical conduct, Plaintiff sustained severe physical injuries; Plaintiff has incurred, and will continue to incur, significant medical expenses, lost wages, emotional distress, pain and suffering, and other damages as a result of the incident.

## VI. PREMISES LIABILITY

**47.** Plaintiff realleges and incorporates by reference each of the paragraphs in this Complaint as thought set forth fully herein.

**48.** Defendants owned, leased, occupied, and/or controlled the property wherein the incident occurred

**49.** Defendants were negligent in the use or maintenance of the property, specifically by hiring a Loss Prevention Agent whom they knew or should have known was unfit and/incompetent.

**50.** As a direct result of Defendants' negligent use/maintenance of the property, Plaintiff was harmed.

**51.** Defendants' negligence was a substantial factor in causing Plaintiff's harm.

**52.** Specifically, after completing her purchase, as Plaintiff was leaving the premises, Defendants' Loss Prevention Agent started shouting statements including, but not limited to, "she has my stuff" and "stop her." Without any lawful justification or evidence of wrongdoing on Plaintiff's part, a bystander, in conjunction with Defendants and Defendants' Loss Prevention Agent, forcibly grabbed Plaintiff's purse and violently shoved her to the ground.

**53.** As a direct and proximate result of the forceful physical conduct, Plaintiff sustained severe physical injuries; Plaintiff has incurred, and will continue to incur, significant medical expenses, lost wages, emotional distress, pain and suffering, and other damages as a result of the incident.

**PUNITIVE DAMAGES**

**54.** Plaintiff realleges and incorporates by reference each of the paragraphs in this Complaint as thought set forth fully herein.

**55.** Specifically, after completing her purchase, as Plaintiff was leaving the premises, Defendants' Loss Prevention Agent started shouting statements including, but not limited to, "she has my stuff" and "stop her." Without any lawful justification or evidence of wrongdoing on Plaintiff's part, a bystander, in conjunction with Defendants and Defendants' Loss Prevention Agent, forcibly grabbed Plaintiff's purse and violently shoved her to the ground.

**56.** Defendant's conduct was not only negligent but also exhibited a reckless disregard for Plaintiff's safety, thereby meeting the standard of malice, oppression, or fraud required under *California Civil Code section* 3294.

**57.** The Loss Prevention Agent was acting as an agent, employee, or representative of Defendant Home Depot U.S.A., INC at the time of the incident, acting fully withing the scope of their employment. Defendant Home Depot U.S.A., INC either expressly authorized or, through its failure to supervise, discipline, or terminate the agent, constructively ratified the agent's wrongful conduct. Defendant Home Depot U.S.A., INC. knew or should have known that the agent's actions were likely to result in harm, and by permitting such conduct to continue, is vicariously liable for all resulting injuries and damages suffered by Plaintiff.

**58.** As a result of Defendant's wrongful and egregious conduct, Plaintiff is entitled to an award of punitive damages to deter similar future behavior and to punish the Defendants.

**59.** Plaintiff requests that the Court award punitive damages in an amount sufficient to deter such conduct in the future and to vindicate the rights of the Plaintiff under California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

a. Monetary damages in an amount to be proven at trial;

b. Punitive damages pursuant to California Civil Code section 3294 and other applicable law;

c. Costs of suit and attorney's fees;

d. Any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DATED: April 18, 2025

Mark James Miller

Mark James Miller, Esq., Attorney
for Plaintiff Jennifer Izuhara